**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KATHRYN M. SCHWARTZ,** ) | **CASE NO. 1:09CV1222** |
| ) | |
| Plaintiff, ) | **JUDGE SOLOMON OLIVER, JR.** |
| ) | |
| v. ) | |
| ) | **MAGISTRATE JUDGE GREG WHITE** |
| **THE CITY OF CONNEAUT, OHIO,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | **REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendants' unopposed motion for partial judgment on the pleadings. (Doc. No. 13.) Judge Solomon Oliver, Jr. referred the matter for a report and recommendation.

On July 21, 2009, Plaintiff Kathryn M. Schwartz ("Schwartz") filed her Amended Complaint with the Court alleging Federal Constitutional and statutory civil rights violations (Count one), Ohio Constitutional violations (Count two), defamation (Count three), and abuse of public office/abuse of process (Count four). (Doc. No. 11.) On July 22, 2009, Defendants, City of Conneaut (the "City"), Robert Schaumleffel, Jr. ("Schaumleffel"), and Lori Lamer ("Lamer"), filed an unopposed motion for partial judgment on the pleadings as to Counts two, three, and four. (Doc. No. 13.) For reasons set forth below, the Court recommends granting Defendant's motion for partial judgment on the pleadings.

## I. Facts

Schwartz sets out the alleged bases for her claims in paragraphs numbered 1 through 29 of her Amended Complaint. She claims that her rights were violated and she was defamed by

the City of Conneaut, Schaumleffel, the City Manager, and Lamer, the Law Director.  (Amended Complaint ¶¶ 5, 6.)  On February 20, 2009, Schwartz, working as an outside consultant to supplement her income as a marketing manager, created a website to promote the economic development of Conneaut, Ohio.  *Id*. at ¶¶ 7, 8, 10.  The domain name and URL address of her website was "everythingconneautohio.com" ("ECO").  *Id*. at ¶ 10.  On April 1, 2009, Schwartz met with Schaumleffel to discuss options for improving the City's official website, which utilized the domain name and URL address of "conneaut.net."  *Id*. at ¶ 9.  Schaumleffel invited Schwartz to submit a bid to design the official city website.  *Id*.  Schwartz declined this offer in writing.  *Id*.

Schwartz created and maintained the ECO website for the purposes of educating the public about available community resources, promoting a positive image for the City, and contributing to its economic development.  *Id* at ¶ 11.  She publicized this information without charging a fee, while offering a limited amount of space for paid advertising by local businesses.  *Id.* at ¶ 12.

On April 23, 2009, Schwartz organized a meeting of local businesses for the purpose of "fostering improved cooperation amongst local entrepreneurs based on their common interest in promoting the City's economic development."  *Id* at ¶ 15.  She did not ask for or receive any compensation for organizing and facilitating this meeting.  *Id*.  Also, she neither excluded nor extended an invitation to City employees or officials.  *Id*. at ¶ 16.  Schwartz maintains that she conducted herself in a lawful manner and acted in good faith at all times.  *Id*. at ¶ 17.

On April 28, 2009, Schwartz attended a "town hall meeting" and participated in a "question and answer" session.  *Id*. at ¶ 14.  At this meeting, she asked whether Schaumleffel maintained a full-time residence in Conneaut or in Columbus, "and if the latter, whether the cost to the City of his salary was entirely justified."  This question prompted further inquiry by a City Council member.  *Id*.

On May 15, 2009, the City, through Schaumleffel and Lamer, mailed Schwartz a "Cease and Desist" letter printed on the letterhead of the City Law Director ordering Schwartz to "immediately cease and desist publishing any information concerning the City's offices,

2

employees and/or departments without the express written consent and approval of the City of Conneaut." *Id*. at ¶¶ 18-19. (Underline in original.)  Schwartz claims the letter accused her of "engaging in fraudulent activity, to wit, . . . of unlawfully exercising governmental authority by 'publish[ing] information concerning the City as if [Plaintiff was] its representative website host." *Id*. at ¶ 20.  Schwartz further alleges that the Defendants "imposed a broad and vague defined restraint" on her speech as she was directed to "refrain from publishing any and all content of [the] ECO website that may be deemed 'information concerning the City's offices, employees and/or departments.'" *Id*. at ¶ 21.

The Cease and Desist letter, according to Schwartz, also accused her of engaging, or attempting to engage, in the "fraudulent and illegal exercise of government authority by a private citizen," through her involvement in a weekly "news" show to be aired on Cable Suite 541, the local government access channel. *Id*. at ¶ 22.

Upon receiving the Cease and Desist letter, Schwartz contacted her council representative to inquire whether the letter was authorized by Council, and whether they would vote to rescind the letter. *Id*. at ¶ 23.  The representative assured Schwartz that the matter would be brought up at the next Council work session, scheduled for May 18, 2009. *Id*.

At the May 18, 2009, televised public work session, attended by Schwartz, Schaumleffel, Lamer, and others, Schwartz alleges that Schaumleffel, "with intent to publicly humiliate, embarrass, demean, and intimidate [her], and with knowledge of the falsehood of his statements, and/or reckless disregard for their veracity" made public comments summarized in the Amended Complaint as follows:

> a. falsely and maliciously accuse Plaintiff of: 1) engaging in a campaign of 'personally attacks' [sic] and 'mud-slinging' against himself and members of his staff; 2) attempting to personally "take [ ] on" and "come at" the City Manager, as if knowing more than he, and in a manner inappropriate for her age and experience; 3) organizing secret meetings around town for the purpose of "generat[ing] all the dirt" they can on himself and members of his staff; 4) giving and/or executing 'instructions to go out and find garbage on' himself or his staff; 5) attempting under false pretenses to expropriate the City's official web site and "turn it into a commercial site."
>
> b. falsely, maliciously and with intent to further intimidate Plaintiff by implying the threat of legal sanction, ratify the false allegations and mandates under color of law directed against Plaintiff in the language of the Cease and Desist letter,

> while further stating that he "asked the Law Director to put [the letter] together" and that he "held on to it" for a period of time, but finally decided to send it the day after the May 14, 2009 public town hall meeting (mentioned herein at Paragraph 14 herein)[1], thereby further revealing a vindictive and retaliatory motive behind Defendants' decision to send the said letter.

*Id.* at ¶ 26.

Schwartz further alleges that after hearing Schaumleffel's statements, the City Council considered a motion to rescind the Cease and Desist letter and offer an apology to Schwartz. *Id* at ¶ 27. As a result of a tie vote, the motion failed. *Id*. Schwartz alleges that she was also deprived of "any and all opportunity to speak in her defense." *Id*. at ¶ 28.

On May 20, 2009, a member of the City Council contacted her at home by telephone allegedly warning her to "be very careful when you get involved with politics here." *Id*. at ¶ 29. She was further advised to contact Lamer and Schaumleffel and to "keep the conversation confidential." *Id*. Schwartz believes this call was made to discourage her from seeking legal redress. *Id.*

## II. Standard

Although Defendants' Motion is unopposed, the Court must still examine whether the movants have met their burden before the requested relief may be granted. The Sixth Circuit has stated, "the movant must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

After the pleadings are closed but within such time as not to delay the trial, a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Fed.R.Civ. P. 12(c) is resolved by reference to the same standard applicable to a motion to dismiss for failure to state a claim under Fed.R.Civ. P. 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Thus, all the factual allegations contained in the complaint are accepted as true and a motion for judgment on the pleadings will be granted only if the complaint fails to allege "enough facts to

---

[1] Paragraph 14 of the Amended Complaint indicates the date of the meeting as April 28, 2009.

state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10, 2005 WL 1277667 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merits. *Cacevic*, *quoting Bell v. City of Cleveland*, 2009 WL 541320 (N.D. Ohio Mar. 3, 2009).

For purposes of this motion, the Court accepts the facts of the Amended Complaint as true and construes them liberally in favor of the Plaintiff. Defendants argue that they are entitled to judgment as a matter of law on Counts two and four, and that the City of Conneaut is entitled to judgment as a matter of law on Count three.

### III. Analysis

**A. Count Two - Ohio Constitution Claims as to the City, Schaumleffel, and Lamer**

Schwartz alleges that the Defendants violated her rights to freedom of assembly and expression under Article I, Sections 3 and 11 of the Ohio Constitution. (Doc. No. 11, ¶¶ 41-44.) She seeks actual and special damages. *Id*. at ¶ 45. Defendants contend that no such remedy exists under Ohio law. (Doc. No. 13 at p. 2.)

The Ohio Constitution, § 3 states as follows:

The people have the right to assemble together, in a peaceable manner, to consult for their common good; to instruct their Representatives; and to petition the general assembly for the redress of grievances.

Similarly, Article I, Section 11 provides, in pertinent part:

> Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.

Federal district courts have concluded that "violations of rights secured under the Ohio Constitution do not, in an of themselves, confer a private right of damages . . . ." *Burr v. Burns*, 2005 WL 1969532, *10, Case No. C2-04-1118 (S.D. Ohio Aug. 12, 2005); *see also Webster v. Lucas County Bd. of Elections*, 2008 WL 2902132, Case No. 3:07cv3687 (N.D. Ohio Jul. 22, 2008). The *Burr* Court noted that federal law provides a "full panoply of remedies" under Section 1983. *Id*. at *10; *see also Sanford v. County of Lucas, Ohio*, 2009 WL 723227, * 7, Case No. 3:07cv3588 (N.D. Ohio Mar. 16, 2009).

In this case, Schwartz's Ohio Constitutional claims are a restatement of her federal claims set out in Count one under the First Amendment to the United States Constitution.[2] Section 1983 provides a remedy for such claims under the federal constitution. Because violations of rights secured under the Ohio Constitution do not, in and of themselves, confer a private right of damages and because a full remedy is available to Schwartz without invoking the protections of the state constitution, this Court recommends that Defendants' motion for partial judgment on the pleadings be granted as to Count Two.

### B. Count Four – Abuse of Process/Abuse of Power Claims as to Schaumleffel and Lamer[3]

Schwartz brings an Abuse of Public Office/Abuse of Process claim in her Amended Complaint. She alleges that Schaumleffel and Lamer violated her constitutional rights with "intent to use the power of public office" to harm her in a manner that "constituted an abuse of legal process and an abuse of official power" under the Constitution and the laws of the United

---

[2]Schwartz's claims under Count one are based on the violation of her rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. She specifically brings a claim under the free expression clause (*Id*. at ¶ 31) and free assembly clause. (*Id.* at ¶ 32.)

[3]The City is not a named defendant in this claim.

6

States and the State of Ohio. (Amended Complaint at ¶¶ 56, 57.) Defendants contend that Schwartz's Amended Complaint includes only a state law claim of abuse of process as she has dropped her abuse of power claim. (Doc. 13, Def. Motion at p. 4.)

To establish a claim for abuse of process under Ohio law, a plaintiff must demonstrate that (1) a legal proceeding has been set in motion in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage has resulted from the wrongful use of process. *Magnum Towing & Recovery v. City of Toledo*, 287 Fed. Appx. 442 (6th Cir. Jul. 15, 2008) (*quoting Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 626 N.E.2d 115, 118 (1994); *see also Robb v. Chagrin Lagoons Yacht Club, Inc*., 75 Ohio St.3d 264, 662 N.E.2d 9, 14 (1996) ( "[T]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.") (internal quotation marks omitted)

Here, Defendants argue that Schwartz does not meet the first element of an abuse of process claim as she does not allege that the Defendants set a legal proceeding in motion. Schwartz refers to the Cease and Desist letter, but sending such a letter does not rise to the level of a legal proceeding. Cease and desist letters are used to warn infringers that their conduct, if continued, will be challenged in a legal proceeding. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006). Furthermore, an abuse of process claim will not survive a motion to dismiss when it is supported only by "conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions." *Rodriguez v. City of Cleveland*, 619 F.Supp.2d 461, 486 (N.D. Ohio 2009); *Graham v. Best Buy Stores, L.P.*, 298 Fed.Appx. 487, 497 (6th Cir. 2008) (*citing Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999)). Schwartz alleges no other facts to support such a claim.

To the extent Schwartz is alleging an abuse of process claim under federal law, the Sixth Circuit has concluded that if such a claim was cognizable as a federal constitutional claim, the elements necessary to prove it would "likely mirror those of state law." *See Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676-77 (6th Cir. 2005) (*citing Cook v. Sheldon*, 41 F.3d 73,

7

79-80 (2nd Cir. 1994). Therefore, the abuse of process claim under Count four, whether based on state or federal law, should be dismissed.

It is unclear whether the Amended Complaint also raises an abuse of power claim based on either state or federal law. Ohio law does not recognize an abuse of power claim. *See Peters v. Ohio Dept. of Natural Res.*, 2003 WL 22480395, *4 (Ohio App. Dist 10, Nov. 4, 2003). However, an abuse of power claim can be brought in federal court as substantive or procedural due process arguments. *See Myers v. Delaware County*, 2008 WL 4862512, * 9-10, Case No. 2-07-cv-844 (S.D. Ohio Nov. 7, 2008). The Sixth Circuit has explained that "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Myers* at *4 (*quoting Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996). When defendants are acting under color of state law, these arguments are raised as § 1983 claims. Schwartz's Count one is a § 1983 claim in which she alleges that the Defendants violated her First Amendment rights. As a federal abuse of power claim involves constitutional questions arising under § 1983, it is clear, if Schwartz raises such a claim, it may be more appropriately considered under Count one of the complaint. Defendants have not challenged Count one at this stage of the proceedings. Therefore, as there is no abuse of power claim under Ohio law, and the allegations regarding a federal abuse of power claim are included in Count one, the Court recommends that Defendants' motion for partial judgment on the pleadings be granted as to Count four.

### C. Count Three – Defamation as to the City of Conneaut

Schwartz also brings a defamation claim based on several alleged defamatory statements as follows: 1) the Cease and Desist Letter signed by Schaumleffel and Lamer; 2) the verbal statements made by Schaumleffel at the public work session; and 3) the action of the City, through its council members, to deprive Schwartz of a reasonable opportunity to respond to the defamatory statements. It is this last defamatory allegation that is before the Court on the motion for judgment on the pleadings. Defendants contend that the City is immune to a defamation suit pursuant to Ohio Rev. Code § 2744.

Ohio Rev. Code § 2744.02(A)(1) generally insulates political subdivisions from liability "allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio federal and state courts have reviewed the issue and concluded that political subdivisions are immune from claims for intentional torts such as defamation and intentional infliction of emotional distress. *See Krantz v. City of Toledo Police Dept.*, 265 F.Supp.2d 832, 835-36 (N.D. Ohio 2005) (immunity as to defamation and other intentional torts); *Hubbard v. Canton City School Bd. Of Educ., et al.*, 97 Ohio St.3d 451-53, 780 N.E.2d 543 (2002) (immunity as to intentional infliction of emotional distress); *Copeland v. Reinhard, et al.*, 1998 Ohio App. LEXIS 2499 (May 11, 1998), Stark App. No. 1997 CA 00281 (immunity as to intentional infliction of emotional distress); *Shirey v. City of Canton*, 1993 Ohio App. LEXIS 3012 (June 7, 1993), Stark App. No. CA-9144, (immunity as to defamation). Based upon the foregoing, the Court recommends that the City of Conneaut be dismissed as a Defendant under Count three.

## IV. Conclusion

For the above reasons, the Court recommends granting the Defendants' motion for partial judgment on the pleadings regarding Count two as to all Defendants and regarding Count three as to the City of Conneaut. Regarding Count four, the Court further recommends granting Defendants' motion as to the abuse of process/abuse of power claims against Schaumleffel and Lamer.

                                                    s/ Greg White
                                                  United States Magistrate Judge

Date:   October 22, 2009

**OBJECTIONS**

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**